**POLSINELLI LLP**
ILANA G. ZELENER (SBN 311584)
izelener@polsinelli.com
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone:  310.556.1801
Facsimile:   310.556.1802

*Attorneys for Defendant*
*USAA Federal Savings Bank*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SLOATMAN IV,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>USAA BANK; DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | Case No.<br><br>**DEFENDANT USAA FEDERAL SAVINGS BANK'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>State Court Complaint Filed: January 7, 2021 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant USAA Federal Savings Bank[1] ("USAA FSB" or "Defendant") hereby removes the above-referenced action from the Superior Court of the State of

---

[1] Erroneously named by Plaintiff as USAA Bank.

1
DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

California for the County of Ventura (the "State Court") to the United States District Court for the Central District of California, Western Division on the following grounds:

## STATEMENT OF JURISDICTION

This Court has original jurisdiction over this action based on federal question jurisdiction under 28 U.S.C. § 1331 because it arises under the laws of the United States and diversity jurisdiction under 28 U.S.C § 1332 because the parties are completely diverse and the amount in controversy is above $75,000.

This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is being filed within 30 days of the date Defendant was served in the State Court Action.

## THE STATE COURT ACTION

On January 7, 2021, Plaintiff John Sloatman IV ("Plaintiff") filed a Complaint in the Superior Court of the State of California in and for the County of Ventura (the "Complaint") against Defendant entitled *John Sloatman IV v. USAA Bank; DOES 1-10 inclusive*, Case No.: 56-2021-00549394-CU-NP-VTA (the "State Court Action").

In the Complaint, Plaintiff alleges that Defendant contacted him after he allegedly requested that Defendant not contact him other than by mail, revoked consent for Defendant to record phone calls or use pre-recorded messages, and advised he was represented by counsel. Based on these allegations, Plaintiff asserts violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq*., California Invasion of Privacy Act, California Penal Code § 632, *et seq*., and the

Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq*. ("TCPA").  Plaintiff also seeks actual, statutory, exemplary, punitive, and treble damages, as well as attorney fees and costs.

The following documents from the State Court Action are attached hereto:

**Exhibit A:**  Complaint;

**Exhibit B:**  Civil Case Cover Sheet;

**Exhibit C:**  Case Assignment to Department 41;

**Exhibit D:**  Order on Court Fee Waiver;

**Exhibit E:**  Clerk's Certificate of Service by Mail; and

**Exhibit F:**  Return of Service

Defendant is informed and believes that the aforementioned documents and exhibits constitute all of the process, pleadings and orders on file in the State Court Action.  *See* 28 U.S.C. § 1446(a).

By filing this Notice of Removal, Defendant does not intend to waive, and hereby reserves, any objections as to venue, the legal sufficiency of claims alleged in the Complaint, and all other defenses.  Defendant reserves the right to supplement and/or amend this Notice of Removal.

## **PROCEDURAL REQUIREMENTS**

Exhibits A – F constitute all process, pleadings, and orders received and obtained by Defendant and/or filed by Plaintiff in the State Court Action.  Pursuant to 28 U.S.C.

§ 1446(d), Defendant is contemporaneously filing a copy of this Notice of Removal with the Superior Court for the State of California for the County of Ventura, and is serving a copy of the same upon Plaintiff's counsel.

### FEDERAL QUESTION JURISDICTION EXISTS

The State Court Action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a), because this Court has original jurisdiction under 28 U.S.C. § 1331, which provides "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Here, the Complaint alleges that Defendant violated the TCPA (47 U.S.C. § 227 *et seq*.), making this dispute one of federal question. *See Mims v. Arrow Financial Services LLC*, 565 U.S. 368 (2012)

Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's state law causes of action. As noted by the Supreme Court, "[s]ection 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005). Here, the Complaint alleges that the very same phone calls underpinning his TCPA claims also support his state-law claims. *See* Complaint ¶¶ 12-44 (factual allegations common to all claims). Accordingly, the Complaint is removable under federal question jurisdiction. 28 U.S.C. § 1441(a).

# DIVERSITY JURISDICTION EXISTS

Where there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, an action may be removed to federal court. *See* 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiff is not a citizen of the same state as Defendant. Additionally, this action involves an amount in controversy that exceeds $75,000, exclusive of interest and costs.

### A. THERE IS COMPLETE DIVERSITY AMONG THE PARTIES

Plaintiff alleges that he is a natural person residing in Ventura County in the State of California. *See* Complaint ¶ 6.

Defendant USAA FSB is a federally chartered savings association with its principal place of business in Texas. Pursuant to federal law, the citizenship of a federally-chartered savings association is the state where it makes its home office. 12 U.S.C. § 1464(x). As such, USAA FSB is a citizen of Texas for diversity purposes.

Thus, Plaintiff and Defendant are citizens of different states for the purpose of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

### B. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

The Complaint prays for approximately $33,269.16 in actual and statutory damages (Complaint ¶ 40), punitive damages (*Id*), and attorney's fees and costs. *Id*. Additionally, Plaintiff seeks "treble damages pursuant to Cal. Civ. Code § 3345"

Complaint, Prayer (G).  The Court may take additional damages, including authorized treble damages and attorney's fees, into account when determining the amount in controversy. *Chabner v. United of Omaha Life Ins. Co.,* 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (noting that courts should consider treble damages in calculating the amount in controversy, but in that case the amount to-be-trebled was unclear); *Meisel v. Bankers Life & Cas. Co.*, No. CV1203719MWFMANX, 2012 WL 12895656, at *1 (C.D. Cal. July 10, 2012) ("[Defendant] is correct that a defendant need not prove the plaintiff would succeed on the merits of a claim for treble damages when analyzing the amount in controversy question.").

Here, it is clear from the face of the Complaint that Plaintiff has placed into controversy more than $75,000 when punitive and treble damages, and attorney's fees are all included in the amount in controversy calculus. As such, removal is proper. *See Hill v. Avis Budget Car Rental, LLC*, 14-CV-1350, 2014 WL 1325556, at *2 (C.D. Cal. April 2, 2014).

**VENUE IS PROPER IN THE CENTRAL DISTRICT OF CALIFORNIA**

Pursuant to 28 U.S.C. § 1441, the United States District Court for the Central District of California, Western Division is the proper division to where this matter should be assigned because the State Court Action was originally brought in the Ventura County Superior Court, which is located within the Central District of

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

California.  Venue is proper with this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

**WHEREFORE**, for all of the foregoing reasons, Defendant hereby removes the State Court Action from the Superior Court of the State of California, County of Ventura, to the United States District Court for the Central District of California, Western Division.

Dated:  March 12, 2021                    POLSINELLI LLP

By: _____
ILANA G. ZELENER

Attorneys for Defendant
USAA FEDERAL SAVINGS BANK