RECEIVED FOR SCANNING
VENTURA SUPERIOR COURT

JAN 07 2021

Whitney D. Ackerman Esq. (SBN 284340)
**THE LAW OFFICE OF WHITNEY D. ACKERMAN**
17326 Tiara St, Encino CA 91316
T: (818) 426 - 9591
F: (866) 610 - 6540
Wackerma@gmail.com

Attorneys for Plaintiff,
JOHN SLOATMAN IV

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF VENTURA

| | |
|---|---|
| JOHN SLOATMAN IV, <br><br> Plaintiff, <br><br> v. <br><br> USAA BANK; DOES 1-10 inclusive, <br><br> Defendant. | Case No. <br><br> **COMPLAINT** <br> **(Amount to exceed $25,000.00)** <br><br> 1. Violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.*; <br> 2. Act, Cal. Pen. Code § 632; <br> 3. Violation of the California Invasion of Privacy Act, Cal. Pen. Code § 632.7; <br> 4. Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227; and <br> 5. Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227. <br><br> **JURY REQUESTED** |

## I. INTRODUCTION

1.  Plaintiff JOHN SLOATMAN IV(hereinafter, "Plaintiff") brings this action against Defendant USAA (hereinafter, "Defendant") for its breach of their duty to respect Plaintiff's consumer and debtor rights to be free of unscrupulous and unfair debt collection practices and erroneous credit reporting, to wit, Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("RFDCPA") creditors from engaging in abusive, deceptive, and unfair practices in connection with the collection of alleged debts.

1

COMPLAINT

2. Defendant is also liable for violations of Plaintiff's consumer rights, to wit, Defendant recorded conversations it had with Plaintiff to his cellular telephone without his prior express consent or knowledge, and these conversations involved discussion of sensitive confidential information under circumstances evincing Plaintiff's reasonable expectation of privacy in violation of the California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code § 632.

3. Ancillary to the claims above, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq*. (hereinafter "TCPA").

## II. JURISDICTION AND VENUE

4. Defendant USAA (hereinafter, "Defendant") is subject to personal jurisdiction in this Court because it does business extensively within and throughout the State of California as it has purposefully availed itself of the protections and obligations of this State.

5. Venue is proper in the County of Ventura because the conduct of which Plaintiff complains occurred in this jurisdiction in substantial part.

## III. PARTIES

6. Plaintiff, JOHN SLOATMAN IV ("Plaintiff"), is a natural person residing in Ventura County in the state of California, and is a "debtor" and a "consumer" as the terms are defined by the RFDCPA, Cal. Civ. Code §1788.2(h) and the FDCPA, 15 U.S.C. § 1692a(3), respectively. Also, Plaintiff is a "person" as defined by Cal. Pen. Code § 632(b). Furthermore, Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Plaintiff is a disabled citizen under CCC § 3345 as of August 2020, as defined by CCC § 1761 (g) "Disabled person" means a person who has a physical or mental impairment that substantially limits one or more major life activities. (1) As used in this subdivision, "physical or mental impairment" means any of the following: (B) … "Physical or mental impairment" includes, but is not limited to, diseases and conditions that include orthopedic, … and emotional illness (2) "Major life activities" means functions that include caring for one's self, performing manual tasks, … working."

8. At all relevant times herein, Defendant USAA (hereinafter, "Defendant"), Defendant was a company engaged, by use of the mails and telephones, as well as through other means, in the business of collecting a debt which qualifies as "consumer debt" and "debt" as the terms are defined under Section 1788.2(f) of the RFDCPA on behalf of themselves as an original creditor, and is therefore a "debt collector" as the term is defined under Section 1788.2(c) of the RFDCPA. Also, Defendant is a "person" as defined by Cal. Pen. Code § 632(b). Defendant is also a "person" as the term is defined under 47 U.S.C. § 153(39)

9. Further, Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227

10. The above-named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

11. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

### IV. FACTUAL ALLEGATIONS

12. At various and multiple times prior to the filing of the instant Complaint and within one year thereof, Defendants contacted Plaintiff and reported derogatory information on Plaintiff's consumer credit report; Defendants did all of this in connection with collection on an alleged debt of $35 related to unpaid banking fees and charges.

13. Additionally, on August 24, 2020 Plaintiff made demand on Defendant in writing via fax and via USPS Certified Mail #94147118995636500384l8) the following:

" I am requesting that you do not call me anymore and communicate by USPS mail only (no emails) with regard to this account or any other account you have with my name attached to it. I am also revoking consent for you to record any future phone calls in the event you do call me, furthermore, I revoke consent to be contacted using any pre-recorded voice messages. Please also be advised that after sending this letter that I am also represented by an attorney.

Furthermore, if any negative information is placed on my credit bureau reports by your company after receipt of this notice, this will cause me to file suit against you and your organization, both personally and corporately, to seek all legal remedies available to me by law.

Please update the credit reporting agencies that I am formerly disputing this debt."

14. November 24, 2020, Plaintiff began receiving several collection telephone calls from Defendant to his cellular telephone ending in -3317

15. Defendant's calls were made in connection with collection on an alleged debt for bank fees.

16. Defendant has called Plaintiff numerous times between November and December of 2020 and all for a matter of $35 in unpaid banking fees.

17. Defendant has called Plaintiff's telephones ending in -3317 from telephone numbers confirmed to belong to Defendant including without limitation (800) 531-8722.

18. Plaintiff expressly revoked any and all consent to be called, recorded, or called using automated dialing systems on his cellular and home telephone by Defendant.

19. Plaintiff gave notice to Defendant that he was represented by an attorney. In the August 24, 2020 demand.

20. Despite Plaintiff's express revocation of consent to be contacted, Defendant continued to contact Plaintiff on Plaintiff's cellular telephone ending in -3317. The dates of the call include but are not limited to: November 24, 2020, November 27, 2020, November 29, 2020,

4
**COMPLAINT**

November 30, 2020, December, 16, 2020, December 20, 2020, and December 21, 2020 all for a matter of $35 in unpaid banking fees.

21. In the conversations that Defendant had with Plaintiff in connection with collection on the alleged debt, Defendant recorded the conversation after Plaintiff requested that they not record him and without obtaining his prior express consent to record.

22. Despite Plaintiff's requests, Defendant called Plaintiff and left voice messages on two of at least 6 calls, on Plaintiff's voicemail box on his cellular telephone ending in -3317.

23. Plaintiff had already revoked any and all consent to be called by Defendant verbally on at least one occasions and in writing *twice*. Plaintiff told Defendant to cease and desist from contacting him and caused to be sent to Defendant written notices on two separate occasions that Defendant was to cease and desist calling him. Despite the revocations Defendants continued to contact Plaintiff.

24. Plaintiff, frustrated, annoyed, feeling harassed and without recourse to cause Defendant's conduct to cease, Plaintiff paid the $35 in banking fees.

25. In what can only be described as abuse and harassment, even after paying the $35, Defendant continued to call Plaintiff to collect on a debt that was already paid.

26. Defendant called Plaintiff by means of an automated telephone dialing system and continued to do so well after Plaintiff paid Defendant.

27. On at least one occasion, Plaintiff spoke with Defendant on his cellular telephone ending in -3317.

28. Defendant recorded Plaintiff's voice and thereby recorded "communication" from Plaintiff as the term is defined under Cal. Pen. Code § 632.7(c)(3).

29. Defendant called Plaintiff on his cellular telephone number ending in -3317 which qualifies as a "cellular radio telephone" as defined by the CIPA, Cal. Pen. Code § 632.7(c)(1).

30. Plaintiff disclosed significant private, sensitive, consumer financial information to Defendant over the course of this conversation, before Defendant ever disclosed to him that they were recording the call.

31. Plaintiff spoke with Defendant from a private location away from where any other people could hear his conversation and thereby maintained a reasonable expectation of privacy while speaking with Defendant.

32. Defendant intentionally recorded their call with Plaintiff through the use of an electronic device without having first obtaining Plaintiff's consent to be recorded or otherwise notifying Plaintiff that the call was being recorded, thereby violating the CIPA, Cal. Pen. Code § 632.7.

33. Given the lopsided balance of bargaining power between consumers such as Plaintiff and powerful and financially robust debt collectors such as Defendant, Defendant knew or should have known that its conduct as herein described was reasonably calculated and likely to result in Plaintiff being confused, harassed, anxious, and without a reasonable means of responding to Defendant's debt collection efforts without the assistance of counsel.

34. Defendant also used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), to place its repeated collection calls to Plaintiffs seeking to collect the debt allegedly owed.

35. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

36. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

37. RFDCPA, Cal. Civ. Code § 1788.17 mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b through 1692j of the FDCPA, inclusive of, and shall be subject to the remedies of Section 1692k of Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §§ 1692d & 1692d(5).

38. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including without limitation the following:

a. Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal. Civ. Code § 1788.11(d));

b. Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute harassment to Plaintiff under the circumstances (Cal. Civ. Code § 1788.11(e));

c. Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (15 U.S.C. § 1692c(a)(1));

d. Any conduct the natural consequence of which is to harass, oppress, or abuse any person (15 U.S.C. § 1692d);

e. Caused the phone to ring or engaged any person in telephone conversations repeatedly (15 U.S.C. § 1692d(5)); and

f. Using unfair or unconscionable means in connection with an attempt to collect an alleged debt (15 U.S.C. § 1692f).

g. After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive. (15 U.S.C.§ 1692 c(a)(2)

39. Defendant's conduct was the actual and proximate cause, as well as the substantial factor, in causing the damages to Plaintiff that are outlined above

40. As a result, Defendant is liable to compensate Plaintiff for all of the following: the full amount of statutory damages of $1,000 under the RFDCPA, $9,000 under TCPA, and $20,000 under CIPA, actual damages of Credit Repair Service $750, Credit Monitoring 29.99 per month for 7 years $2519.16, punitive damages (for calls to collect a debt that was already satisfied), reasonable attorney's fees and costs according to code to be totaled upon proof at entry of judgment, in addition to any other relief permitted by law and which this Court deems due and proper.

41. Despite having ample time and resources to prevent the conduct of which Plaintiff herein complains, Defendant still violated his rights as herein alleged.

42. Plaintiff reaped no benefit whatsoever from Defendant's conduct and received nothing from Defendant.

43. As a result of Defendant's conduct as described herein, Plaintiff has suffered economic and emotional harm, and Plaintiff here and now seeks recompense from Defendant's for its violations of the RFDCPA, CIPA, and the TCPA. Plaintiff seeks to enjoin Defendant's conduct as well as any and all remedies available at law and any and all other remedies that the Court deems due, proper, and owing.

44. Finally, Plaintiff may be entitled to punitive damages per CCC § 3294 as the conduct of Defendant was oppressive. In fact, the actions of Defendant are so loathsome and base that they are not to be tolerated by a reasonable person. In fact, the actions of Defendant in this case, in every single aspect were oppressive in that at almost every turn, Defendant's conduct fell below the *codified* standards required of them. From collection to call recordings to calling for money after the funds were paid, all in violation of the various code sections listed. In fact, even after Plaintiff's demand to cease and desist, Defendant continued to call for money, and once Plaintiff had paid to get Defendant to cease, Defendant persisted! The actions of Defendant entitle Plaintiff a punitive award according to proof.

### FIRST CAUSE OF ACTION: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### Cal. Civ. Code § 1788, *Et Seq.*

45. Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs 1 – 45 of this Complaint as if they were fully set forth herein.

46. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

47. The acts of Defendants were done with the intent to annoy harass, intimidate, or otherwise coerce Plaintiff into payment of the alleged debt. Moreover, the knowing and willful actions of Defendants, even after the cease and desist and knowing Plaintiff was represented were done with oppression, especially in light of the unfair bargaining power entitling Plaintiff to a potential punitive award.

48.     Plaintiff may be entitled to punitive damages per CCC § 3294 as the conduct of Defendant was oppressive. In fact, the actions of Defendant are so loathsome and base that they are not to be tolerated by a reasonable person. In fact, the actions of Defendant in this case, in every single aspect were oppressive in that at almost every turn, Defendant's conduct fell below the *codified* standards required of them. From collection to call recordings to calling for money after the funds were paid, all in violation of the various code sections listed. In fact, even after Plaintiff's demand to cease and desist, Defendant continued to call for money, and once Plaintiff had paid to get Defendant to cease, Defendant persisted! The actions of Defendant entitle Plaintiff a punitive award according to proof.

49.     Defendants are liable to Plaintiff for their violations of the RFDCPA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Actual damages in the amount of $750;
B. Statutory damages for not less than $100.00 and not more than $1,000.00;
C. Exemplary and punitive damages as determined by the Court or Finder of Fact;
D. Treble damages pursuant to Cal. Civ. § Code 3345.
E. Reasonable attorney's fees per CCC § 1788.62(c)(1);
F. Costs per CCC § 1788.62(c)(1); and
G. For such other and further relief as may be just and proper.

**SECOND CAUSE OF ACTION: VIOLATION OF**
**CALIFORNIA INVASION OF PRIVACY ACT**
**Cal. Pen. Code § 632, *Et Seq.***

50.     Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs 1-50 of this Complaint as if they were fully set forth herein.

51.     Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Cal. Pen. Code § 632. "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a

significant and increasing threat to personal privacy. (*Citations omitted*) Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation." (Kearney v. Solomon Smith Barney Inc. (2006) 39 Cal. 4th 95, 125.).

52. California Penal Code § 632(a) reads in pertinent part "[a] person who, intentionally and without the consent of all parties to a confidential communication, uses an electronic amplifying or recording device to eavesdrop upon or record the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio, shall be punished by a fine not exceeding five thousand dollars ($5,000) per violation. . . If the person has previously been convicted of a violation of this section or Section 631, 632.5, 632.6, 632.7, or 636, the person shall be punished by a fine not exceeding ten thousand dollars ($10,000) per violation. . .".

53. California Penal Code § 632(c) defines "confidential communication" as ". . .any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto, but excludes a communication made in a public gathering or in any legislative, judicial, executive, or administrative proceeding open to the public, or in any other circumstances in which the parties to the communication may reasonably expect that the communication may be overheard or recorded."

54. Defendant was not at any relevant time a "public utility" subject to any of the provisions of Cal. Pen. Code §§ 632(e)(1)-(3).

55. At all relevant times, Plaintiff maintained a reasonable expectation of privacy in his conversations with Defendant, and those conversations therefore qualify as "confidential communication" under Cal. Pen. Code § 632(c).

56. Defendant did not disclose to Plaintiff that it was recorded their conversation until well after Plaintiff had disclosed confidential communication with Defendant.

57. Defendant is therefore liable to Plaintiff for all damages under Cal. Pen. Code § 632, *et seq.* including without limitation statutory damages of $2,500.00 per violation under Cal. Pen. Code § 632(a).

58. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff seeks recovery of his attorney's fees and costs pursuant to the private attorney general doctrine codified in Cal. Code of Civ. Pro. § 1021.5, or any other statutory basis.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. For statutory damages of $5,000.00 for a total of $20,000.00 (4 of 6 calls);
B. For statutory damages for violation of Cal. Penal Code § 632 for Plaintiff pursuant to Cal. Penal Code § 637.2(a);
C. For statutory damages of $5,000.00 for violation of Cal. Pen. Code § 632(a);
D. Injunctive relief in the form of an order prohibiting Defendant from unilaterally recording telephone conversations without first informing and receiving consent from the other party to the conversation;
E. That the Court preliminarily and permanently enjoin Defendant from overhearing, recording, and listening to each and every oncoming and outgoing telephone conversation with California residents, including Plaintiff, without their prior consent as required by Cal. Pen. Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiff and California consumers;
F. For actual damages;
G. For general damages according to proof;
H. Treble Damages Pursuant to Cal. Civ Code §3345.
I. For prejudgment interest at the legal rate;
J. For attorney fees per to Cal. Code of Civ. Pro. § 1021.5;
K. Costs of suit per Cal. Code of Civ. Pro. § 1021.5; and
L. For such further relief as this Court deems necessary, just, and proper.

## FOURTH CAUSE OF ACTION: VIOLATION OF CALIFORNIA INVASION OF PRIVACY ACT
## Cal. Pen. Code § 632.7, *Et Seq.*

59. Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs 1-58 of this Complaint as if they were fully set forth herein.

60. California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication…intentionally records, or assists in the…intentional recordation of, a communication transmitted between…a cellular radio telephone and a landline telephone." Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone.

61. An amendment effective January 1, 2017 specified that the statutory damages are "per violation." See Cal. Penal Code § 637.2(a)(1). Effective January 1, 2017, the California Legislature modified the language of California Penal Code section 637.2(a)(1), permitting recovery of "Five thousand dollars ($5,000) per violation." At least one federal court has ruled that this modification was a clarification and not an amendment, meaning that a person harmed under this code may be entitled to statutory damages of $5,000 for each and every unlawfully recorded call, even if the call predates 2017 when the code did not expressly include the "per violation" language. (Ronquillo-Griffin v. Telus Communs., Inc., No. 17-cv-129-JM (BLM), 2017 U.S. Dist. LEXIS 99577, at *16 (S.D.Cal. June 27, 2017).

62. Though similar, California Penal Code §§ 632 and 632.7 are not duplicative and protect separate rights. California Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or cordless phone. For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code § 632.7.

63. Defendants caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

64. Plaintiff is informed and believes, and thereupon alleges, that all these devises were maintained and utilized to record each and every outgoing telephone conversation over said telephone lines.

65. Said recording equipment was used to record the telephone conversations of Plaintiff while he was his utilizing cellular telephone, all in violation of California Penal Code § 632.7.

66. Based on the foregoing, Plaintiff is entitled to, and below herein do pray for, their statutory remedies and damages, including without limitation, those set forth in California Penal Code § 632.7; and California Penal Code § 637.2.

67. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff seeks recovery of his attorney's fees and costs pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. For statutory damages of $5,000 for a total of $20,000 (4 of 6 calls) for violation of Cal. Penal Code § 632 for Plaintiff pursuant to Cal. Penal Code § 637.2(a);
B. For statutory damages of $5,000.00 for violation of Cal. Pen. Code § 632(a);
C. Injunctive relief in the form of an order prohibiting Defendant from unilaterally recording telephone conversations without first informing and receiving consent from the other party to the conversation;
D. That the Court preliminarily and permanently enjoin Defendant from overhearing, recording, and listening to each and every oncoming and outgoing telephone conversation with California residents, including Plaintiff, without their prior consent as required by Cal. Pen. Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiff and California consumers;
E. For general damages according to proof;
F. Treble Damages Pursuant To Cal. Civ Code §3345.
G.
H. For prejudgment interest at the legal rate;
I. For attorney fees and costs of suit pursuant to Cal. Code of Civ. Pro. § 1021.5; and
J. For such further relief as this Court deems necessary, just, and proper.

**FIFTH CAUSE OF ACTION: NEGLIGENT VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227, et seq.**

68. Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs 1-67 of this Complaint as if they were fully set forth herein.

69. The foregoing acts and omissions of Defendant constitute negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.* Defendants owed Plaintiffs a duty of ordinary care, not to violate the codified law sections that restrict or prevent the actions Defendants undertook.

70. When Defendants used the autodialing system to contact Plaintiff, especially after the alleged debt was paid, they breached the ordinary care requirement and are at per se liable according to code for the actual and statuary damages and attorney fees.

71. Defendants were the actual and proximate cause of the violations and were the only factor in the damages

72. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, ***for each and every violation***, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

73. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Plaintiff seeks an ORDER of temporary injunctive relief whereby Defendant is enjoined from using an Automated Telephone Dialing System or a Pre-recorded Voice Message as the terms are defined under the TCPA pending resolution of this action;
B. Actual damages;
C. Statutory damages for all violations as well as for willful and negligent violations of up to $9,000.00 per *47 U.S.C. 227(b)(3)(C)* (6 calls);
D. As a result of Defendant's negligent violations of *47 U.S.C. §227 et seq.*, Plaintiff is entitled to and request $1,500 in statutory damages, for each and every violation, violations totaling at least $9,000.00, pursuant to *47 U.S.C. 227(b)(3)(B)*;
E. Treble Damages Pursuant To Cal. Civ Code §3345.
F. For equitable relief enjoining Defendant from future violations;
G. Costs; and
H. For such other and further relief as may be just and proper.

## SIXTH CAUSE OF ACTION: INTENTIONAL VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227, et al.

74. Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs 1-73 of this Complaint as if they were fully set forth herein.

75. The foregoing acts and omissions of Defendant constitute knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

76. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, ***for each and every violation***, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

77. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

- A. Plaintiff seeks an ORDER of temporary injunctive relief whereby Defendant is enjoined from using an Automated Telephone Dialing System or a Pre-recorded Voice Message as the terms are defined under the TCPA pending resolution of this action;
- B. Actual damages;
- C. Statutory damages for all violations as well as for willful and negligent violations;
- D. As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227 et seq.*, Plaintiff is entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation totaling up to $9,000.00 for 6 violations, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*;
- E. Treble Damages Pursuant To Cal. Civ Code §3345.
- F. For equitable relief enjoining Defendant from future violations;
- G. Costs; and
- H. For such further relief as this Court deems necessary, just, and proper.

## IV. JURY

78. Plaintiff reserves his right under Section 16 of Article 1 of the Constitution of the State of California to a trial by jury and hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 30th day of December 2020.

By: /s/Whitney D. Ackerman, Esq.
Whitney D. Ackerman, Esq.
Attorney for Plaintiff, John Sloatman IV